UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

LUIS ALCALA,

                        Plaintiff,            **MEMORANDUM & ORDER**
                                              22-cv-2979(EK)(LB)

          -against-

UNITED STATES POSTAL SERVICE,[1]

                        Defendant.

------------------------------------x

ERIC KOMITEE, United States District Judge:

          Plaintiff Luis Alcala, proceeding *pro se*, brings this
action alleging that the United States Postal Service ("USPS")
failed to deliver a package.  He seeks a refund of the postage
he paid to ship the package.  The Court grants Plaintiff's
request to proceed *in forma pauperis* pursuant to 28 U.S.C.
§ 1915.  The complaint is dismissed for the reasons set forth
below.

## I.   Background

          Plaintiff alleges that on January 26, 2021, he mailed
a package containing a laptop computer to his sister through the
USPS.  Compl. 5-9, ECF No. 1.  Although the USPS tracking system

---

[1] The Clerk of Court is respectfully directed to update the caption as
reflected in this order.  Plaintiff names the "United States Post Office" as
the defendant, but that is not a legal entity.  The correct name for the
entity Plaintiff brings this action against is the United States Postal
Service.

indicated that the package was delivered on February 15, 2021, his sister did not receive the package.  *Id.* at 5, 7, 10.  On March 11, 2021, the package was sent back to Plaintiff with a label saying "wrong address."  *Id.* at 7, 9.  He seeks a refund of the $50.00 in postage that he paid.  *Id.* at 5.

## II.  Legal Standard

At this stage of the case, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[2]  *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Among other things, a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court must dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Moreover, Plaintiff must establish that the court has subject matter jurisdiction.  *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–43 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).  "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).  Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Where jurisdiction is lacking, "dismissal is

3

mandatory." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

### III.   Discussion

Plaintiff has not proffered a basis for this Court's jurisdiction. *See* Compl. 3-4.  I construe the complaint, however, to allege a violation of the Federal Tort Claims Act ("FTCA").[3]

The USPS, as an "independent establishment of the executive branch of the Government of the United States," is "part of the Government." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004).  Therefore, a suit against the USPS is a suit against the United States. *See Djordjevic*, 911 F. Supp. at 74 ("Plaintiff's action against the Postal Service is in fact an action against the United States."); *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) ("An action against the USPS is an action against the United States.").

---

[3] The Court does not construe the complaint as alleging a breach of contract claim because there is no indication that Plaintiff has exhausted his administrative remedies under the postal regulations as promulgated in the Domestic Mail Manual. *See McBride v. U.S. Postal Serv.*, No. 07-CV-0446, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007) ("In order for the USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all administrative remedies available under the postal regulations before commencing his action in district court."); *see also Djordjevic v. U.S. Postal Serv.*, 911 F. Supp. 72, 74 (E.D.N.Y. 1995). In any event, the complaint does not provide any basis for diversity jurisdiction.  In fact, the complaint alleges that the amount in controversy is only $50.00.  Compl. 5.

Sovereign immunity precludes suits against the United States and its agencies, including the USPS, unless Congress expressly abrogates that immunity by statute.  *See Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urb. Dev.*, 175 F.3d 132, 139 (2d Cir. 1999); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver.").  Because "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), "sovereign immunity is jurisdictional in nature," *Wake v. United States*, 89 F.3d 53, 57 (2d Cir. 1996).  Thus, "where a waiver of sovereign immunity does not apply, a suit should be dismissed" for lack of subject matter jurisdiction.  *See Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007).

Through the enactment of the FTCA, Congress "waived the United States' sovereign immunity for claims arising out of torts committed by federal employees."  *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008).  However, the FTCA expressly provides that no waiver is granted with regard to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b) (the "postal matter exception"); *see Dolan*, 546 U.S. at 484–85; *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004).  Thus,

5

sovereign immunity is retained "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Kuhner v. Montauk Post Off.*, No. 12-CV-2318, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013).

Here, Plaintiff's claim relates to an undelivered mail package. That "clearly falls within the postal matter exception to the waiver of sovereign immunity." *Id.* at *3. Therefore, Plaintiff's tort claim against the USPS is barred by sovereign immunity, *see* 28 U.S.C. § 2680(b), and the Court lacks subject matter jurisdiction over the claim. *Hamm*, 483 F.3d at 137, 140; *see, e.g.*, *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758–59 (2d Cir. 2006); *Allison v. Sunnyside Post Off.*, No. 18-CV-2393, 2018 WL 2103205, at *2 (E.D.N.Y. May 7, 2018).

Generally, a *pro se* complaint should not be dismissed without the Court granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). However, this Court lacks jurisdiction over Plaintiff's claim, and "leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (affirming dismissal of *pro se* complaint without leave to amend).

## IV.    Conclusion

The complaint is dismissed without prejudice for lack of subject matter jurisdiction.  The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


                        /s/ Eric Komitee
                        ERIC KOMITEE
                        United States District Judge


Dated:      November 30, 2022
            Brooklyn, New York